Argued May 8, affirmed May 21, 1973

WASHINGTON COUNTY, *Respondent, v.*
MANIFOLD BUSINESS AND INVESTMENTS,
INC. ET AL, *Appellants.*

510 P2d 574

*Reuben Lenske,* Portland, argued the cause and
filed the briefs for appellants.

*W. Louis Larson,* Assistant County Counsel, Hillsboro, argued the cause for respondent. With him on the brief was Edward J. Sullivan, County Counsel, Hillsboro.

Before SCHWAB, Chief Judge, and FOLEY and THORNTON, Judges.

PER CURIAM.

Washington County brought an action in equity for abatement of a nuisance, seeking an injunction pursuant to ORS 215.180[1] and 215.185.[2]

The complaint alleged that defendants owned real property in Washington County; that the property was zoned residential (R-10); and that the property was being utilized as a multiple family dwelling in violation of Sections 602, 613 and 2500 of the zoning

---

[1] ORS 215.180 provides:

"The location, erection, construction, maintenance, repair, alteration or use of a building or other structure, or the subdivision, other partitioning, or *use of land, in violation of an ordinance or regulation authorized by ORS 215.010 to 215.190 shall be deemed a nuisance.*" (Emphasis supplied.)

[2] ORS 215.185 provides:

"In case a building or other structure is, or is proposed to be, located, constructed, maintained, repaired, altered, or used, or any land is, or is proposed to be, used, in violation of an ordinance or regulation authorized by ORS 215.010 to 215.190, the governing body or *district attorney of the county* or a person whose interest in real property in the county is or may be affected by the violation, *may, in addition to other remedies provided by law, institute injunction, mandamus, abatement, or other appropriate proceedings to prevent, temporarily or permanently enjoin, abate, or remove the unlawful location, construction, maintenance, repair, alteration, or use.* When a temporary restraining order is granted in a suit instituted by a person who is not exempt from furnishing bonds or undertakings under ORS 22.010, the person shall furnish undertaking as provided in ORS 32.010 to 32.060." (Emphasis supplied.)

code of Washington County, which allowed only single family dwellings in an R-10 zone. Testimony at trial indicated that the house in question had a small but complete living unit with kitchen and separate meter for electricity, separated from the larger part of the house by a carport. The main portion of the house had its own kitchen.

After trial, the circuit judge entered a decree that:

"* * * * *

"* * * Defendants, their heirs and assigns are now and henceforth forever restrained from the use, rental or lease or both, of the premises located at:

"* * * [legal description]

as a dwelling for more than one family or as a duplex or two family dwelling or any such use as defined by the Zoning Ordinance of Washington County, duly enacted August 19, 1959, August 15, 1962 and as amended so long as the zoning for such property prohibits such use.

"* * * * * *."

On appeal defendants do not attack the scope of the injunction, but only its entry.

Defendants' contentions on appeal can be summarized as follows: (1) defendants had no knowledge that the premises were being used in violation of the zoning code; and (2) assuming that the defendants knew that their tenants were using the premises in violation of the zoning code the defendants are not legally responsible for the tenants' acts. There is ample evidence in the record to show that over a substantial period of time, and continuing through a period of investigation by the county, and at least until just before suit was filed, the premises had been occupied in violation of the zoning code.

.One of the defendants testified that any violation was without defendants' knowledge. We need not here decide whether actual knowledge by an owner that his tenants are making an unlawful use of his property is a necessary prerequisite to an injunction. While one of the defendants testified that any violation was without defendants' knowledge, the trial judge apparently did not accept this evidence, and he was not bound to do so—and we find nothing in the record that leads us to a contrary conclusion. Under the circumstances, the trial judge was justified in entering the injunction, particularly since it is enforceable as to defendants by its terms only in the event of acts done with the knowledge and consent of the defendants.

Affirmed.